Citation Nr: 1703148 
Decision Date: 02/02/17 Archive Date: 02/15/17

DOCKET NO. 11-27 275 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania


THE ISSUES

1. Entitlement to an initial rating in excess of 10 percent for service-connected degenerative arthritis of the lumbar spine.

2. Entitlement to an initial rating in excess of 10 percent for service-connected patellofemoral syndrome and arthritis of the right knee. 

3. Entitlement to an initial rating in excess of 10 percent for service-connected patellofemoral syndrome and arthritis of the left knee.


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

L. Connor, Associate Counsel

INTRODUCTION

The Veteran served on active duty from March 1986 to March 1992, May 1998 to September 1999, September 2006 to June 2007, and September 2008 to January 2009. He had a verified period of active duty for training from August 1982 to December 1982 along with additional periods of inactive and active duty for training with the Army National Guard.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a January 2010 rating decision of the Department of Veteran's Affairs (VA) Regional Office (RO) in Pittsburgh, Pennsylvania.

The Veteran testified before the undersigned Veterans Law Judge during an April 2015 central office hearing. A transcript of that hearing is associated with the claims file. 

These issues were previously denied by the Board in a February 2016 decision. The Veteran appealed the denial to the United States Court of Appeals for Veterans Claims (Court) and after the filing of a Joint Motion for Remand (JMR), the Court remanded the matter in an August 2016 Order for further development consistent with the JMR.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The August 2016 JMR directed the Board to address pertinent evidence regarding symptomatology of the Veteran's service-connected disabilities. Although the JMR did not specifically call for a new VA examination, the Board notes that the Court has recently found that examinations of musculoskeletal disabilities must comply with the language of 38 C.F.R. § 4.59. See Correia v. McDonald, No. 13-3238, 2016 WL 3591858 (Vet. App. July 5, 2016). VA examinations must test range of motion studies in both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with range of motion measurements of the opposite undamaged joint. This may in many instances result in a previous examination being found inadequate.

The Veteran's most recent VA knee and back examinations were in June 2015. Those examinations do not comply with Correia. While the knee examination addressed the weightbearing question and assessed the range of motion of both knees, there was no discussion of passive versus active ranges of motion. There was also no differentiations made with respect to the range of motion of the lumbar spine. Accordingly, the Veteran must be afforded new spine and bilateral knee examinations that includes all of the necessary information as set forth in 4.59 and a thorough review of the symptomatology attributable to the Veteran's bilateral knee and back disabilities.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Schedule the Veteran for VA spine and knee examinations to determine the severity of his service-connected low back and bilateral knee disabilities. The Veteran's electronic claims file and records stored electronically in Virtual VA must be made available to and reviewed by the clinician in conjunction with the examination. All findings and diagnoses must be fully reported.

a) The examination must be thorough and include all complaints, clinical findings, symptoms, and range of motion studies pertaining to the low back and knees.

b) Range of motion studies must include testing for pain in active motion and passive motion. The examiner should also discuss pain in weight-bearing and nonweight-bearing ranges of motion. If such are not applicable or possible to test, then the examiner should state such along with an explanation.

c) The clinician must address range of motion loss specifically due to pain and any functional loss during flare-ups for both the back and knee disabilities. The clinician is to express an opinion on whether pain could significantly limit functional ability during flare-ups or when the joint is used repeatedly over a period of time. These determinations should, if feasible, be portrayed in terms of degrees of additional range of motion loss due to pain on use or during flare-ups. If it is not feasible to provide the degrees in which there is an additional loss in range of motion during flare-ups or repeated use over time, then provide an explanation as to why.

d) Any neurological findings associated with the low back disability, such as radiculopathy and bowel or bladder incontinence, must be documented and an assessment of their severity must be noted. If the Veteran reports such a neurological disorder, the examiner should indicate whether such is related to the Veteran's service-connected back disability.


2. Then, readjudicate the claims for higher ratings for the Veteran's lumbar spine and bilateral knee disabilities. If any benefit sought on appeal remains denied, the Veteran and his representative should be furnished an appropriate supplemental statement of the case and be provided an opportunity to respond. Thereafter, the case should be returned to the Board for further appellate consideration, as appropriate.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL A. HERMAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).